IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KCI AUTO AUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:17-cv-06086-NKL |
| | ) | |
| ALONZO ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Default Judgment, Doc. 48, Plaintiff's renewed Motion for Default Judgment, Doc. 80, Defendant Anderson's Motion to Dismiss, Doc. 82, and Plaintiff's Motion to Strike Defendant Anderson's Answer to Amended Complaint and Motion to Dismiss, Doc. 83. For the following reasons, the motions are denied.

**I.    Background[1]**

Plaintiff KCI Auto Auction, Inc. is a wholesale motor vehicle auction located in Kansas City, Missouri. KCI sells over 500 automobiles, to licensed used car dealers and/or their salespersons, at its auctions each week. The individual defendants, Alonzo Anderson, Danny Ephrem, David Ephrem, Jason Ephrem, J.J. Ephrem, Tom Ephrem, Angelo Jefferson, and Barry Ristick, operate a used car business in Wichita, Kansas, and regularly participated at KCI's auctions between 2014 and 2017. The defendants participated at the auctions purportedly on behalf of defendants Lucky 7 Used Cars, L.L.C., Lucky 7 Discount Auto Sales, LLC, and

---

[1]    The facts are found in Plaintiff's First Amended Complaint. Doc. 41. For purposes of deciding the Defendant's Motion to Dismiss, the Court accepts the Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *See Stodghill v. Wellston Sch. Dist.,* 512 F.3d 472, 476 (8th Cir. 2008).

Quality Used Cars LLC. However, KCI alleges that the name Lucky 7 Used Cars, LLC, as well as other variations that the defendants sometimes used, is not recognized as any type of legal entity in any state. Therefore, KCI brings its claims against the defendants as partners who operated together under fictitious names. Doc. 41, pp. 6-14.

KCI granted the Defendants permission to participate at its auctions in April 2014. In June 2014, Defendants Barry Ristick and Tom Ephrem, acting on behalf of Lucky 7 Used Cars, LLC, entered into a "floor plan" agreement with KCI. Under the agreement, KCI allowed the Defendants to make vehicle purchases at the auctions without full payment. The Defendants were to pay the full amount due within sixty days, however, and agreed that KCI would retain the original title until it received payment. The Defendants also agreed not to sell or transfer the vehicles to any other party until making full payment to KCI and receiving the title.

KCI subsequently created a floor plan account under the name Lucky 7 Used Car Sales LLC. Over the course of three years, the Defendants purchased 293 used vehicles from KCI, with the sales price and buyer fees totaling about $1.2 million. Per the agreement, the vehicles were purchased by the Defendants under the Lucky 7 Used Car Sales LLC name. As such, the sales contracts were entered into in the name of Lucky 7 Used Car Sales LLC, and every certificate of title that was transferred to Defendants listed the buyer's name as Lucky 7 Used Car Sales LLC.

The Lucky 7 account became delinquent with KCI beginning in 2015. In February 2017, the Lucky 7 Used Car Sales LLC dealership license was revoked by the state of Kansas for violating numerous provisions of the Kansas vehicle dealer laws. In March 2017, Defendant Jefferson filed Articles of Organization for Defendant Quality Used Cars, LLC, and applied for and received another used car dealership license from the state of Kansas. The Defendants then

continued to conduct their used vehicle operation under the new name. KCI brought suit in July 2017, alleging:

- Count I: Breach of Contract
- Count II: Action on Account
- Count III: Promissory Estoppel
- Count IV: Account Stated
- Count V: Fraudulent Misrepresentation
- Count VI: Fraudulent Conveyance
- Count VII: Unjust Enrichment and Quantum Meruit
- Count VIII: Conversion
- Count IX: Replevin
- Count X: Civil Conspiracy
- Count XI: Constructive Trust
- Count XII: Preliminary and Permanent Injunctive Relief
- Count XIII: Negligence Per Se
- Count XIV: Alter Ego/Piercing the Corporate Veil

KCI alleges that the Defendants still owe a total of $248,880.38 on the Lucky 7 Used Cars LLC account.

**II.     Discussion**

There are four motions that are currently pending, all of which concern only Defendant Anderson.

**A.     Motion to Strike**

KCI moves to strike and dismiss Defendant Anderson's answer to the complaint and motion to dismiss.

On 10/25/2017, the Court ordered Anderson to file his response to the complaint on or before 11/13/2017. Anderson's answer to the complaint and motion to dismiss were sent to the Court via registered U.S. mail. Although they were received and subsequently uploaded to the ECF system on 11/15/2017, they were mailed on 11/13/2017. Anderson is a pro se defendant who is unfamiliar with the rules. He mailed his filings on the date they were due, and it is understandable that he would believe that he satisfied his obligations. Moreover, should the

Court decline to treat Anderson's filings as timely, the consequence is default judgment, which is inappropriate in response to "marginal failure[s] to comply with time requirements." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Therefore, the Court will treat Anderson's filings as timely.

KCI also argues that by filing an answer, Doc. 81, and a motion to dismiss, Doc. 82, Anderson waived his right to make the Rule 12(b) defenses contained in his motion to dismiss. However, when a defendant files a Rule 12(b) motion simultaneously with an answer, district courts "will view the motion as having preceded the answer, and thus as having been interposed in timely fashion." *U.S. Fid. & Guar. Co. v. Bank of Bentonville*, 29 F. Supp. 2d 553, 555 (W.D. Ark. 1998); *see also Hefley v. J & M Sec., LLC*, No. 4:15CV01578 ERW, 2016 WL 1305103, at *2 (E.D. Mo. Apr. 4, 2016); *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1290 (E.D. Mo. 1984). Although Anderson's answer to the complaint and motion to dismiss were filed separately on ECF, they arrived at the courthouse together. Moreover, arguments that Anderson raises in his motion to dismiss are also found in his answer. It is a reasonable inference that his intent was for the two to be filed simultaneously. Therefore, Anderson's Rule 12(b) motion can be considered by the Court.

**B.     Motions for Default**

KCI also moves for entry of default under Federal Rule of Civil Procedure 55(a). KCI initially moved for entry of default against Anderson on 10/3/2017, after Anderson requested an extension of time to respond to the complaint, but before the Court granted the request. The day after Anderson's extended deadline of 11/13/2017, and before the Court received Anderson's response, KCI renewed its motion for entry of default. KCI argued that Anderson had failed to

plead or otherwise defend against the allegations in the complaint and therefore an entry of default was justified.

In light of the Court's decision denying KCI's Motion to Strike, an entry of default is not appropriate. By filing a Motion to Dismiss and an Answer, albeit two days late, Anderson has demonstrated his intent to defend. KCI's motions for entry of default, Docs. 48 and 80, are denied.

**C.     Motion to Dismiss**

Anderson's motion to dismiss does not explain in any detail under what rules he seeks dismissal. The motion is two pages long, and the majority appears to dispute KCI's factual allegations. Anderson does, however, challenge the Court's authority to exercise personal jurisdiction.

**i.     Personal Jurisdiction**

Anderson argues that the Court lacks personal jurisdiction because he "has had no contact and has not done any business in the State of Missouri . . . ." Doc. 82, p. 2. KCI does not argue that Anderson was ever present in Missouri, but rather it argues that his extraterritorial acts in Wichita, Kansas, and his business transactions with the co-defendants, are sufficient to subject him to personal jurisdiction.

Once it is challenged, the plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). That showing must be tested "not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004). The evidentiary showing required is minimal. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quotations omitted). The Court views the evidence in the light

most favorable to KCI, and resolves factual conflicts in KCI's favor. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). In opposition to Anderson's motion to dismiss, KCI submitted the affidavit of its representative, Steve Goettling, as well as several exhibits. Doc. 88-1. Anderson did not submit a reply brief, and his motion to dismiss does not include any affidavits or exhibits.

KCI argues that Anderson is subject to specific personal jurisdiction, which refers to "jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 593 (8th Cir. 2011). For the Court to exercise specific personal jurisdiction over Anderson, jurisdiction must be appropriate under both the Missouri long arm statute and the Due Process Clause of the Fourteenth Amendment. *Id.* The Missouri long arm statute provides that

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;

Mo. Rev. Stat. § 506.500. The individual categories are construed broadly, such that if a defendant commits one of the specified acts, the statute will be interpreted to provide for jurisdiction to the full extent permitted by the Due Process Clause. *Viasystems, Inc.*, 646 F.3d at 593.

KCI alleges that Anderson signed and transmitted several documents to KCI in Missouri for the purpose of transacting business. Specifically, KCI alleges that the documents, including

registration forms and a personal guaranty, were intended to induce KCI into allowing the Defendants to participate at the auto auctions in Missouri. Doc. 88-1, pp. 4, 45. Indeed, Anderson's personal guaranty specifically states that it "is in consideration of [KCI] allowing Lucky 7 Used Cars to buy and sell vehicles through [KCI] . . . ," Doc. 88-1, p. 45. After KCI received Anderson's guaranty, Lucky 7 Used Cars proceeded to purchase over 200 used vehicles at KCI's auctions. Anderson's actions place him within reach of Missouri's long-arm statute. *Downing v. Goldman Phipps*, PLLC, 764 F.3d 906, 911 (8th Cir. 2014) ("The Missouri Supreme Court has instructed that 'transaction of any business' must be construed broadly.").

KCI also argues that the Defendants, including Anderson, sold and transferred vehicles in Kansas that they did not have title to, which forms the basis for KCI's conversion and fraudulent misrepresentation claims. "Extraterritorial acts that produce consequences in the state, such as fraud, are subsumed under the tortious act section of the long-arm statute." *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. 2010). KCI argues that the consequences of Anderson's tortious acts were primarily felt by KCI, in Missouri. Anderson has provided no defense, and thus KCI presents a sufficient prima facie showing that Anderson is within the reach of Missouri's long-arm statute. *Id.*

The satisfaction of the long arm statute alone, however, does not permit the Court to exercise personal jurisdiction over Anderson. The exercise of personal jurisdiction must still meet the requirements of the Due Process Clause. The Due Process clause "requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Due process is satisfied if the out-of-state defendant "'purposefully directed [its] activities at [Missouri] residents' in a suit that 'arises out of' or

7

'relates to' these activities." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (citations omitted).

Whether an out of state guarantor has the necessary "minimum contacts" to satisfy due process "is a multifaceted, fact specific inquiry . . . ." *Peoples Bank v. Frazee*, 318 S.W.3d 121, 130 (Mo. 2010). Citing the Eighth Circuit, the Missouri Supreme Court recognized three scenarios where courts have found personal jurisdiction over a non-resident guarantor:

> If there has been [1] substantive identity of the guarantors and the corporation whose obligation they guarantee, [2] evidence that the beneficiary of the guarantee contract would not have entered into the transaction without the guarantees of specific individuals, or [3] a provision in the guarantee contract or the underlying contract stating that the law of the forum state would control.

*Id.* (quoting *Arkansas Rice Growers Co-op. Ass'n v. Alchemy Indus., Inc.*, 797 F.2d 565, 573–74 (8th Cir. 1986)). In the present matter, KCI alleges that Anderson's guaranty was one of the conditions for allowing the Defendants to purchase vehicles at its auctions, and that it would not have given access to the Defendants if they did not satisfy all conditions. Doc. 88-1, p. 4; *see Peoples Bank*, 318 S.W.3d at 130 (finding personal jurisdiction satisfied due process when the plaintiff would not have issued a promissory note without defendant's guaranty). Moreover, just as in *Peoples Bank*, Anderson purposefully directed his guaranty into the forum state. He knew, or should have known, that KCI is a Missouri corporation. KCI's auctions, which Anderson's guaranty obtained access to, are held in Kansas City, Missouri. KCI has also alleged that Anderson signed and faxed multiple documents in addition to the guaranty, such as registration forms, to KCI in Missouri. *Id.*

Anderson filed no reply to KCI's opposition brief, and failed to present any evidence that would serve to counter KCI's affidavits and exhibits. Therefore, KCI has satisfied its minimal evidentiary requirements, and made a prima facie showing that personal jurisdiction exists.

### ii. Anderson's Remaining Arguments

Anderson's motion to dismiss contains eight more paragraphs in addition to the one that denies personal jurisdiction. He does not, however, specify on what grounds or under what rule he seeks dismissal. See Fed. R. Civ. P. 7(b)(1)(B) (declaring that motions must "state with particularity the grounds for seeking the order").

Most of Anderson's statements appear to dispute KCI's factual allegations. He maintains that the allegations "have no resemblance of a floor plan," that KCI has no injury because it overcharged the Defendants, that he has never seen any of the contracts at issue or entered into any agreements with KCI, and that Defendant's licenses were revoked in part because it did not have titles, which KCI refused to deliver. Doc. 82, pp. 1-2. For purposes of deciding a motion to dismiss, the Court must accept KCI's factual allegations as true, and construe them in the light most favorable to KCI. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). Therefore, Anderson's factual disputes are not a basis for dismissal at this time.

Anderson also cites two Missouri statutes, presumably as defenses. First, he cites Mo. Rev. Stat. § 432.047, and argues that it "spells out that no commercial loan is enforceable by a written agreement." Doc. 82, p.1. Second, he argues that KCI violated Mo. Rev. Stat. § 301.210 by failing to deliver title of the vehicles at the time of sale. Anderson does not explain in any detail why or how either statute establishes a basis for dismissal, and it is likewise unclear to the Court. Furthermore, affirmative defenses do not ordinarily provide grounds for dismissal, and to the extent Anderson's arguments depend on matters outside the pleadings, they cannot be addressed in the motion to dismiss. *Jessie v. Potter*, 516 F.3d 709, 715, n.2 (8th Cir. 2008).

Accordingly, the motion to dismiss is denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Default Judgment, Doc. 48, Plaintiff's renewed Motion for Default Judgment, Doc. 80, Defendant Anderson's Motion to Dismiss, Doc. 82, and Plaintiff's Motion to Strike Defendant Anderson's Answer to Amended Complaint and Motion to Dismiss, Doc. 83, are denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 1, 2018
Jefferson City, Missouri