UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KCI AUTO AUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-06086-NKL |
| | ) | |
| ALONZO D. ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is KCI Auto Auction, Inc.'s motion to compel discovery and for sanctions. Doc. 132. For the following reasons, the motion is granted.

I. **Background**

This case began when a purchasing account used to purchase vehicles at KCI became delinquent. KCI brought this case against Alonzo Anderson, Lucky 7 Used Cars, L.L.C. and Lucky 7 Discount Auto Sales LLC in order to collect the $248,880.38 owed to KCI on an account established for Lucky 7 Used Cars and guaranteed by Mr. Anderson.[1] In January 2018, the Court entered default judgment against Lucky 7 Used Cars and Lucky 7 Discount Auto Sales. Doc. 100. In April, the Court granted summary judgment against Mr. Anderson for damages totaling $443,957.85, including attorney fees. Doc. 115.

The issue before the Court pertains to discovery, or lack thereof. On December 6, 2017, KCI served a set of discovery requests, including interrogatories and requests for production of

---

[1] There were originally eight other defendants in this case. In January 2018, the Court entered a consent judgment against six other defendants pursuant to a settlement agreement, and KCI voluntarily dismissed the other two. Doc. 97; Doc. 102; Doc. 103.

1

documents, on Mr. Anderson, Lucky 7 Used Cars and Lucky 7 Discount Auto Sales. Doc. 91 (Certificate of Service). No responses or documents were produced. On July 17, 2018, KCI served the same defendants with a set of post-judgment requests, also consisting of interrogatories and requests for production. Doc. 125 (Certificate of Service). Having received no responses, counsel for KCI followed up with Mr. Anderson by mail on September 12, 2018, and by phone on September 14, 2018. On September 18, counsel for KCI requested a teleconference with the Court to discuss his discovery requests, pursuant to Local Rule 37.1. That teleconference was held on September 26, 2018. Mr. Anderson did not call in or represent himself, Lucky 7 Used Cars or Lucky 7 Discount Auto Sales. To date, Mr. Anderson, Lucky 7 Used Cars and Lucky 7 Discount Auto Sales have all failed to comply with KCI's discovery requests.

KCI seeks an order to compel discovery. KCI also requests that the Court award reasonable expenses caused by the Defendants' failure to respond and deem any potential objections to the discovery requests waived.

## II. Discussion

A court can issue an order to compel an answer to interrogatories and the production of documents as long as the movant has included the appropriate certification that the party first attempted to resolve the dispute, Fed. R. Civ. P. 37(a)(3)(B), and pursuant to local rule 37.1(a)(2), arranged for a teleconference with the Court. Both requirements have been met. Prior to submitting a written motion to compel or requesting a teleconference with the Court, KCI attempted to resolve this dispute by conferring with Mr. Anderson over the phone. *See* Doc. 132-6. Mr. Anderson did not indicate that he would respond to the discovery requests. KCI then requested a teleconference regarding discovery compliance with the Court. Doc. 130; Doc. 131. Mr. Anderson received notice but did not appear for the phone conference to present any objections

to the discovery. As of the date of the motion to compel, none of the defendants have responded to KCI's discovery requests. Therefore, the Court grants KCI's motion to compel and orders Mr. Anderson, on behalf of himself and on behalf of both Lucky 7 Used Cars, L.L.C. and Lucky 7 Discount Auto Sales, LLC, to answer KCI's post-judgment interrogatories and requests for production within 14 days of this Order. Because he did not appear at the phone conference, Mr. Anderson has waived any objections he or the above entities have to the discovery.

A court may also order sanctions when a party, "after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections or written responses." Fed. R. Civ. P. 37(d)(1)(A)(ii). Although the Court is authorized to order an array of sanctions, the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The noncompliant party bears the burden of establishing that the failure to comply was justified or that an award would be unjust. *See First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990) (considering sanctions pursuant to Rule 37(b)(2) for failure to comply with a court order).

Mr. Anderson has not put forth any reason as why his failure to comply with discovery was substantially justified or why an award of expenses would be unjust, nor has he responded to KCI's motion to compel in any way. Therefore, the Court finds it appropriate to order Mr. Anderson to pay the reasonable expenses, including attorney fees, incurred by KCI to compel discovery.

## III. Conclusion

For the reasons set forth above, Plaintiff's motion to compel disclosure and for sanctions is granted. Mr. Anderson is ordered to respond to KCI's post-judgment interrogatories and

requests for production within 14 days of this Order. Additionally, KCI is permitted to submit documentation regarding costs and expenses to the Court.

                                                            s/ Nanette K. Laughrey
                                                            NANETTE K. LAUGHREY
                                                            United States District Judge

Dated: November 7, 2018
Jefferson City, Missouri