UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| KCI Auto Auction, Inc., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 5:17-cv-06086-NKL |
| Alonzo Anderson, et al., | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff KCI Auto Auction, Inc.'s motion to enforce the Court's Order and hold defendants in civil contempt, Doc. 135, and United States Magistrate Judge John T. Maughmer's Report and Recommendations, Doc. 145. For the following reasons, after a de novo review of the record, the Court adopts Judge Maughmer's Report and Recommendation and grants KCI's motion.

Plaintiff KCI Auto Auction sued defendants Alonzo Anderson, Lucky 7 Discount Auto Sales LLC and Lucky 7 Used Cars, L.L.C., among others, to recover money owed on a delinquent account used by defendants to purchase cars from KCI. After the Court entered default judgment against Lucky 7 Discount Auto Sales and Lucky 7 Used Cars, Doc. 100, and granted summary judgment to KCI on its claims against Anderson, Doc. 115, KCI filed a motion to compel Anderson to respond to KCI's post-judgment discovery requests on behalf of himself and the LLCs. Doc. 132. Finding that Anderson had been served with discovery requests on multiple occasions but had failed to respond in any way, the Court ordered Anderson to respond to KCI's discovery requests within 14 days. Doc. 134.

Three weeks later, KCI filed the present motion, requesting that the Court hold defendant

Alonzo Anderson in contempt of court for violating the Court's Order, Doc. 134, directing the defendants to respond to KCI's post-judgment discovery requests. KCI seeks the following remedial measures: an Order directing defendant Alonzo Anderson's arrest so that he can be brought before the Court; Anderson's incarceration until he purges himself of contempt by responding to KCI's discovery requests; permission to move for attorneys' fees and costs incurred as result of defendants' failure to comply with discovery requests; and monetary sanctions of $250/day for each day of further non-compliance. Doc. 135. No opposition to this motion was filed.[1]

On December 20, 2018, the Court set a hearing, and ordered Defendant Alonzo Anderson to appear and show cause why he should not be held in contempt for failing to comply with the Court's Order directing him to respond to KCI's post-judgment interrogatories and request for production. Doc. 139. On January 22, 2019, the show cause hearing was conducted by United States Magistrate Judge John T. Maughmer, on a referral from this Court. Alonzo Anderson did not appear at the hearing as ordered. Doc. 143.

After the hearing, Judge Maughmer recommended that the Court find that defendant Alonzo Anderson failed to appear at the hearing as directed by the Court, and failed to comply with the Court's Order compelling his response to KCI's post-judgment discovery requests. Judge Maughmer further recommended that the Court find Anderson in contempt of the Court's Orders, enter an Order holding him in civil contempt, and direct the United States Marshal for the Western District of Missouri to arrest Anderson and bring him before the Court. Doc. 145.

---

[1] Anderson did request an extension of time to respond, Doc. 137, but his request was denied based on his prior conduct before the Court, the lack of good cause shown in his motion and the fact that he would have the ability to oppose KCI's motion at the show cause hearing. Doc. 140.

A copy of Judge Maughmer's Report and Recommendation was sent to Defendant Anderson via certified and regular mail. Doc. 145. The regular mail was not returned as undeliverable. The Report and Recommendation stated that parties could submit objections within 14 days. No objections have been filed.

A de novo review of the record convinces the Court that Judge Maughmer's report and recommendation is correct and should be adopted. Accordingly, the Court finds that Anderson did not appear as ordered for the show cause hearing and has not complied with the Court's order directing a response to KCI's discovery requests. The Court additionally finds that this conduct warrants the other sanctions requested by KCI.

**IT IS, THEREFORE, ORDERED** that the Report and Recommendation of January 28, 2019, Doc. 145, is adopted.

**IT IS FURTHER ORDERED** that:

1. Defendant Alonzo Anderson has been and hereby is in civil contempt of Court;

2. The United States Marshal for the Western District of Missouri shall arrest defendant Alonzo Anderson and bring him before the Court;

3. Defendant Alonzo Anderson shall be incarcerated in a facility to be selected by the United States Marshal Service until such time as he purges himself of contempt by fully answering and responding to, on behalf of himself, Lucky 7 Discount Auto Sales LLC and Lucky 7 Used Cars, L.L.C., Plaintiff's First Set of Post-Judgment Interrogatories and Plaintiff's First Set of Post-Judgment Requests for Production of Documents, as set forth in Doc. 132-1, Doc. 132-2, and Doc. 132-3.

4. Monetary sanctions in the amount of $250 a day shall accrue against the defendants for each day of noncompliance following the date of this Order;

5. KCI is permitted to move for and submit documentation to the Court supporting costs and expenses incurred; and

6. To the extent consistent with this Order, Plaintiff KCI Auto Auction, Inc.'s motion for civil contempt, Doc. 135, is granted.

These sanctions are meant to enforce compliance with the Court's prior orders and compensate KCI for losses sustained because of Anderson's noncompliance. *See Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (stating purpose of civil contempt). As such, Defendant Alonzo Anderson "carr[ies] 'the keys of [his] prison in [his] own pockets.'" *Shillitani v. United States*, 384 U.S. 364, 368 (1966) (quoting *In re Nevitt*, 117 F. 448, 461 (8th Cir. 1902)). The coercive fines will stop and incarceration will end as soon as the Court is satisfied that Anderson has purged himself of contempt by complying with the Court's Order directing him to respond to KCI's Post-Judgment Interrogatories and Requests for Production, Doc. 134.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 11, 2019
Jefferson City, Missouri