UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KCI AUTO AUCTION, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:17-cv-06086-NKL |
| | ) |
| ALONZO D. ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiff KCI Auto Auction, Inc.'s motion to compel discovery and for sanctions. Doc. 188. For the following reasons, the motion is granted.

**I.  Background**

This case began when a purchasing account used to purchase vehicles at KCI became delinquent. KCI initiated this case against 11 defendants, and in January 2018, the Court entered a consent judgment pursuant to a settlement agreement in the amount of $300,000 against defendants Angelo Jefferson, Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC, an entity managed by defendant Jefferson.[1] Doc. 94-2 (Settlement Agreement); Doc. 97 (Consent Judgment). Pursuant to the settlement agreement, these defendants agreed to make monthly payments to KCI, and in exchange, KCI agree to forbear enforcing and executing the Consent Judgment. Doc. 94-2. After defendants stopped making payments in December 2018, KCI sent notices of default and notified the defendants of KCI's intent to execute

---

[1] KCI voluntarily dismissed two defendants, Default Judgment was entered against another two, and Summary Judgment was entered against the last defendant. Doc. 100; Doc. 102; Doc. 103; Doc. 115.

1

on the Consent Judgment. Doc. 171-2 (January 16, 2019 Letters); Doc. 171-3 (February 22, 2019 Letters); Doc. 171-4 (February 23, 2019 Letters).

The issue before the Court pertains to KCI's post-judgment discovery requests, which were mailed to defendants on February 28, 2019. Doc. 147 (Certificate of Service). Tracking numbers show that the requests were delivered by March 6, 2019, *id.*, and KCI followed up with each defendant on April 5, 2019, Doc. 188-7 (Discovery Letters), yet none of the defendants have responded to KCI's requests. KCI and defendants' former attorney have both left voicemails for Tom Ephrem regarding the case and KCI's discovery requests, but neither has received a return call. *See* Doc. 188 (Suggestions in Support of Motion to Compel), p. 5; Doc. 186. To date, Angelo Jefferson, Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC have all failed to comply with KCI's discovery requests.

KCI seeks an order to compel discovery. KCI also requests that the Court award reasonable expenses caused by the Defendants' failure to respond and deem any potential objections to the discovery requests waived.

## II.  Discussion

A court can issue an order to compel an answer to interrogatories and the production of documents if the movant has included the appropriate certification that the party first attempted to resolve the dispute, Fed. R. Civ. P. 37(a)(3)(B), and pursuant to local rule 37.1(a)(2), arranged for a teleconference with the Court. Both requirements have been met. Prior to submitting a written motion to compel or requesting a teleconference with the Court, KCI mailed each defendant follow-up letters. *See* Doc. 188-7. KCI then requested and participated in teleconferences regarding discovery compliance with the Court. Doc. 183; Doc. 184; Doc. 186. Although defendants' former counsel left messages regarding the teleconference, none of the defendants

participated.[2] Doc. 186. Each defendant was mailed a copy of the KCI's motion to compel, Doc. 188, p. 11, but none of the defendants have responded to the motion or to KCI's discovery requests.

Therefore, the Court grants KCI's motion to compel and orders Defendants Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Angelo Jefferson, on behalf of himself and on behalf of Quality Used Cars, LLC, to answer KCI's post-judgment interrogatories and requests for production within 14 days of this Order. Because these defendants did not timely respond to KCI's discovery requests or to KCI's motion to compel, and these defendants did not appear at the phone conference, defendants have waived any objections to the discovery.

A court may also order sanctions when a party, "after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections or written responses." Fed. R. Civ. P. 37(d)(1)(A)(ii). Although the Court is authorized to order an array of sanctions, the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The noncompliant party bears the burden of establishing that the failure to comply was justified or that an award would be unjust. *See First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 331 (8th Cir. 1990) (considering sanctions pursuant to Rule 37(b)(2) for failure to comply with a court order).

None of these defendants have put forth any reason as why the failure to comply with discovery was substantially justified or why an award of expenses would be unjust, nor has any defendant responded to KCI's motion to compel in any way. Therefore, the Court finds it appropriate to order defendants to pay the reasonable expenses, including attorney fees, incurred by KCI to compel discovery.

---

[2] Defendants' attorney of record was permitted to withdraw on May 1, 2019. Doc. 186.

## III. Conclusion

For the reasons set forth above, Plaintiff's motion to compel and for sanctions, Doc. 188, is granted. Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Angelo Jefferson, on behalf of himself and on behalf of Quality Used Cars, LLC, are ordered to respond to KCI's post-judgment interrogatories and requests for production within 14 days of this Order. Additionally, KCI is permitted to submit documentation regarding costs and expenses to the Court.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: June 6, 2019
Jefferson City, Missouri