UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KCI AUTO AUCTION, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-06086-NKL |
| | ) | |
| ALONZO D. ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendant Alonso Anderson's motion for relief from final judgment, Doc. 179, Plaintiff KCI Auto Auction, Inc.'s motion to enforce, Doc. 193, KCI's motion for leave to file excess pages, Doc. 197, and KCI's motion for sanctions pursuant to Rule 11, Doc. 198. For the following reasons, the motion for relief from final judgment is denied, the motion to enforce is granted in part, the motion for leave to file excess pages is granted, and the motion for sanctions is denied.

**I.   Background**

This dispute began when a purchasing account used to purchase vehicles at KCI, the "Lucky 7 Account," became delinquent. KCI brought claims against Mr. Anderson, along with seven other individuals and three entities, for breach of contract, action on account, promissory estoppel, account stated, fraudulent misrepresentation, fraudulent conveyance, unjust enrichment and quantum meruit, conversion, replevin, civil conspiracy, constructive trust, injunctive relief, negligence per se and alter ego/piercing the corporate veil. Doc. 41 (Amended Complaint).

Litigation on the merits of KCI's claims against Mr. Anderson[1] ended after the Court granted KCI's motion for summary judgment.[2]  Doc. 115.  The Court found, in relevant part, that KCI had a valid contract with Anderson as a result of an oral "floor plan" agreement made with two other defendants, who were found to be agents acting on behalf of Mr. Anderson, and an "Auction Guarantee," signed and executed by Mr. Anderson, in which Mr. Anderson personally guaranteed full payments of any debts.  *Id.*  Although Mr. Anderson argued that KCI's exhibits were forgeries, that the signature shown on KCI's exhibits was not his, and that he signed different papers than those filed by KCI, Doc. 111-1, the Court found that summary judgment was nonetheless warranted  because Mr. Anderson's affidavit was conclusory and he had admitted the authenticity of these documents by failing to respond to KCI's requests for admissions, Doc. 106-2, pp. 11–12.  Mr. Anderson then appealed the summary judgment decision, but the appeal was dismissed for failure to prosecute.  Doc. 122.

Following the Court's decision, KCI served Mr. Anderson with post-judgment discovery.  Doc. 125.  When Mr. Anderson had not responded some two months later, KCI filed a motion to compel, which was granted in November 2018.  Doc. 134.  When Mr. Anderson again failed to respond to KCI's discovery despite the Court's Order to do so, KCI motioned to hold Mr. Anderson in civil contempt, Doc. 135, and the matter was referred to a Magistrate Judge for a hearing, Doc. 141.  Mr. Anderson did not appear for the hearing, nor did he file any objections to the Report and

---

[1] KCI entered into a settlement agreement with six defendants—Angelo Jefferson, Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, and Quality Used Cars, LLC—and voluntarily dismissed two defendants, Jason and J.J. Ephrem.  Doc. 97; Doc. 102; Doc. 103.  Default judgment was entered against two entities, Lucky 7 Used Cars, L.L.C. and Lucky 7 Discount Auto Sales LLC.  Doc. 100.

[2] The Order on Summary Judgment did not address KCI's claims for punitive damages, but KCI later dismissed those claims.  Doc. 131.

Recommendations that resulted. The Court adopted the Magistrate Judge's Report and Recommendation, found Mr. Anderson in contempt of court, and among other things, imposed sanctions accruing for each day of noncompliance with the Court's prior order and permitted KCI to submit a record of costs and expenses incurred to be assessed against Mr. Anderson. Doc. 158.

**II.     Discussion**

Mr. Anderson now contends that the Court's order granting summary judgment to KCI should be set aside based on newly submitted evidence, because the prior judgment was fraudulently procured and because the judgment is otherwise void. Doc. 179. KCI claims that Mr. Anderson's motion is frivolous and he should be sanctioned pursuant to Rule 11. Doc. 198. Separately, KCI seeks to enforce the Court's prior Orders awarding KCI costs associated with conducting discovery and sanctions pursuant to the Court's civil contempt finding. Doc. 193.

**A.  Mr. Anderson's Motion for Relief from Final Judgment**

Federal Rule of Civil Procedure 60(b) provides that a court may provide relief from a final judgment "on motion and just terms" for various reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" and "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)–(3). Rule 60(b)(4) also provides for relief when "the judgment is void." However, relief under Rule 60(b) is reserved for "extraordinary circumstances," and it is "'not intended as a substitute for a direct appeal from an erroneous judgment.'" *Spinar v. South Dakota Bd. Of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (citations omitted).

To the extent that Mr. Anderson argues the judgment against him should be set aside because it is wrong, relief pursuant to Rule 60(b) is untimely. "To prevent its use as a substitute

for a timely appeal on the underlying merits, a Rule 60(b) motion must be made within thirty days of the judgment if the alleged error could have been corrected by appeal of that judgment." *Sanders v. Clemco Ind.*, 862 F.2d 161, 169 (8th Cir. 1988). Mr. Anderson's argument that "[t]he court . . . misapplied the Summary Judgment Standard by weighing the evidence and failing to construe the evidence in light [sic] most favorable to non-movant," Doc. 179, p. 5, is precisely the sort that could have been "corrected by appeal." *See, e.g., Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210–11 (8th Cir. 1976) (reversing summary judgment when factual conflicts were not resolved in favor of non-moving party). Accordingly, relief on these arguments is denied.

Under Rule 60(b)(3), a court may provide relief from an order or judgment if the movant shows "'with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (quoting *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005)). Mr. Anderson alleges that counsel for KCI 1) abused the discovery process by "present[ing] questions that [counsel] knew were lies," 2) persuaded witnesses to commit perjury, 3) deceived the Court by treating "Lucky 7 Discount Auto Sales, LLC" and "Lucky 7 Discount Auto Sales" as the same entity, and 4) knowingly presented forged documents to the Court. Doc. 179.

None of these arguments are grounds for relief or sufficient grounds to warrant a hearing on Mr. Anderson's motion. First, Mr. Anderson does not submit any evidence or specific pleadings to support his allegations of wrongdoing on the part of KCI, let alone evidence that satisfies the "clear and convincing" standard. Second, Mr. Anderson has not shown how these allegations prevented him from fully and fairly presenting his case. To the contrary, Mr. Anderson

made many of these same allegations in response to the motion for summary judgment: that KCI's exhibits were forgeries, that an expert would establish such forgery, the Lucky 7 Used Cars, LLC is an LLC in good standing, and that KCI "intentionally left out" parts of the contracts and tampered with evidence. Doc. 111-1, pp. 2–3, 6–7. By reasserting these arguments now, Mr. Anderson is merely trying to relitigate his case and take an impermissible "second bite at the apple." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 936. Finally, assuming that a party can "present[] questions that [it] knew were lies," Doc. 179, p. 3, Mr. Anderson merely had to respond to KCI's requests for admissions to correct the record. But Mr. Anderson chose not to, and he cannot now "blame deficiencies in presenting [his] case on [KCI]." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 936. Accordingly, Mr. Anderson's motion for relief based on KCI's alleged fraud or misconduct is denied.

Mr. Anderson's recently submitted documents do not change this outcome, nor do they warrant relief under Rule 60(b)(2). "[A] Rule 60(b)(2) motion based on the discovery of new evidence must show (1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006) (citations omitted). Mr. Anderson does not specify which submissions support his claim to relief, so the Court construes Mr. Anderson's motion to be based on the recently-submitted affidavit from a handwriting expert, Doc. 176, a document described as "initial disclosures," Doc. 177, a declaration by Mr. Anderson, Doc. 178, and a copy of old cell phone bills, Doc. 179-2.

These filings do not provide grounds for relief because they duplicate evidence that was considered and on the record before summary judgment was entered or constitute evidence that could have been before the Court had Mr. Anderson acted diligently. The cell phone bill, submitted as purported evidence of Mr. Anderson's whereabouts, dates to 2014, and Mr. Anderson does not present any argument or evidence as to why those records could not have been obtained earlier. Doc. 179-2. Mr. Anderson's Declaration largely recites information or argument that appeared in his prior responses, *compare* Doc. 178 *with* Doc. 111-1, and the "initial disclosures," Doc. 177, which were due on September 21, 2017, Doc. 40, do not contain evidence.

Finally, Wendy Carlson's affidavit, Doc. 176, does not provide grounds for relief because the underlying evidence on which it is based is not newly discovered, *see* Doc 176, pp. 21–24, 26 (showing as exhibits to affidavits documents originally filed on November 29, 2017 as Doc. 88-1 and Doc. 88-2), and Mr. Anderson does not even argue that he could not have obtained the opinion prior to judgment.[3] Therefore, this filing does not provide grounds for relief under Rule 60(b)(2). *See Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (denying relief based on handwriting analysis when movant "had access to the copy of the signed [document] long before summary judgment was entered . . . and the importance of the [document] . . . was evident from the beginning.").

Finally, "Federal Rule of Civil Procedure 60(b)(4) . . . requires relief from a judgment when that judgment is void." *Bell v. Pulmosan Safety Equipment Corp.*, 906 F.3d 711, 714 (8th Cir.

---

[3] Ms. Carlson's affidavit is dated seven days after the postage on the envelope used to send her the comparison documents. Doc. 176, pp. 5, 25. The timely turnaround of Ms. Carlson's affidavit and the availability of relevant underlying evidence indicates that any diligence on Mr. Anderson's part could have produced this evidence before February 26, 2018, the deadline for expert disclosures set in the Scheduling Order, Doc. 61, p. 2, and long before summary judgment was granted in April 2018.

2018).  "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process."  *Baldwin v. Credit Based Asset Servicing and Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (quoting *Kessler v. Crichton*, 221 F.3d 1342, 1342 (8th Cir. 2000)).  "'A judgment is not void,' for example, 'simply because it is or may have been erroneous.'"  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted).

Mr. Anderson argues that the judgment against him is void based on purported conflicts with Articles 2 and 9 of the Uniform Commercial Code and because of KCI's alleged forgery of various documents, as discussed above.  Doc. 179, p. 8.  These arguments pertain to the merits of the judgment, not the Court's jurisdiction to issue the judgment.  Accordingly, these arguments do not present grounds for relief under Rule 60(b)(4).  *See Espinosa*, 559 U.S. at 270; *see also United States v. Three Hundred Fifty-Three Thousand Six Hundred Dollars, in U.S. Currency*, 463 F.3d 812, 813 (8th Cir. 2006) (denying relief when claimant's argument "challenge[d] the legality of the forfeiture itself, not the district court's jurisdiction over the forfeiture action.").

Mr. Anderson also argues elsewhere in his motion that he was denied due process because he was not given the opportunity to be heard or to present evidence at a hearing.  Doc. 179, pp. 3, 5–6.  However, the Due Process Clause does not require a hearing prior to an order granting summary judgment.  *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 448–49 (8th Cir. 1992) (finding that district court did not violated the Due Process Clause by deciding case without a hearing because "when there is no material factual dispute, there is no hearing requirement").  "[A]n opportunity to submit briefs and supporting affidavits satisfies the parties' right to be heard."  *Id.* at 449.  Here, Mr. Anderson had such opportunity, took advantage of that opportunity by submitting briefs and evidence, *see* Doc. 111-1, and was afforded over three additional weeks to do so, *see* Doc. 105 (setting deadline for opposition as 2/16/2018); Doc. 110 (Order to Show Cause

7

by 3/12/2018). Finally, Mr. Anderson did not request oral argument or a hearing on KCI's motion. In sum, Mr. Anderson's due process rights were not violated, and his motion to set aside the judgment as void is denied.

### B. KCI's Motion for Sanctions Pursuant to Rule 11

KCI seeks an order entering Rule 11(b) sanctions against Mr. Anderson for filing his motion for relief from final judgment, which KCI characterizes as a "baseless, meritless and frivolous filing." Doc. 198, p. 4. KCI has also filed a letter to Mr. Anderson, pursuant to Rule 11(c), explaining KCI's intention to file the Rule 11 motion if Mr. Anderson did not withdraw his motion for relief.[4] Doc. 198-1.

Under Federal Rule of Civil Procedure 11(b), a party presenting a pleading in federal court "certifies to the best of the person's knowledge, information, and belief" that the pleading is not being presented for an "improper purpose," like harassment; the claims are warranted by law; and the factual contentions have evidentiary support or are likely to have such support after further investigation. The purpose of this rule is to "deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Thus, a court may impose appropriate sanctions on a party who violates Rule 11(b). Fed. R. Civ. P. 11(c).

Although the Court, for the reasons discussed above, finds that Mr. Anderson's arguments are insufficient to warrant relief, the Court declines to order additional sanctions based on Mr.

---

[4] Federal Rule of Civil Procedure 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including the attorney's fees, incurred for the motion.

Anderson's motion. Pro se parties are undoubtedly subject to Rule 11. *See, e.g., Campbell v. Accounts Receivable Mgmt., Inc.*, No. 14-793-DGK, 2016 WL 355493, at *4 (W.D. Mo. Jan. 26, 2016) (ordering pro se party to show cause why he should not be sanctioned under Rule 11). However, because "pro se litigants are held to a lesser pleading standard than other parties," *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (quoting *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), courts "traditionally afford pro se parties some leeway under Rule 11," *Mousel v. Knutson Mortg. Corp.*, 823 F. Supp. 658, 663 (D. Minn. 1993) (citation omitted). While repeated motions or filings might support imputing to Mr. Anderson an improper purpose, like harassment or delay, the Court declines to infer such motive based on a single post-judgment motion. Further, the Court declines to sanction Mr. Anderson in this context based on other transgressions, like his disregard of prior Court Orders, because he is already subject to sanctions for that conduct. Therefore, KCI's Rule 11 motion is denied.

**C. KCI's Motion to Enforce**

Finally, KCI seeks attorney's fees for work incurred pursuing post-judgment discovery and an award of sanctions, both pursuant to previous Court orders. Doc. 178. KCI has submitted records detailing attorney's fees incurred in connection with all of KCI's post-judgment discovery efforts that total $10,251.25, and request an order requiring payment of the sanctions that accrued prior to May 20, 2019, which total $17,250.[5] No opposition to KCI's motion has been filed.

In its November 7, 2018 Order, the Court found "it appropriate to order Mr. Anderson to pay the reasonable expenses, including attorney fees, incurred by KCI to compel discovery" and permitted KCI to submit documentation to that end. Doc. 134, pp. 3–4. In doing so, the Court

---

[5] KCI also "reserves the right to submit additional documentation and motions for the payment of monetary sanctions for each additional day after May 20, 2019 that [Mr.] Anderson remains in contempt of Court." Doc. 193, ¶ 7.

cited Federal Rule of Civil Procedure 37(d), which requires a court to award fees and costs caused by a party's failure to act. *Id.* at 3. Additionally, the Court permitted KCI to move for and submit documentation supporting costs and expenses incurred in connection with the motion to hold Mr. Anderson in civil contempt. Doc. 158, p. 4.

KCI submitted records showing a total of 34.75 hours of work, valued at $295 per hour. With no opposition to this request, the Court concludes that the hourly rate is reasonable. Further, the Court concludes that most of the work described in KCI's exhibit is properly assessed against Mr. Anderson pursuant to the Court's prior findings. However, KCI has included 3.75 hours spent drafting the initial discovery requests on the day Mr. Anderson was first mailed KCI's post-judgment discovery requests. *See* Doc. 193-1 (Summary of Time); Doc. 125 (Certificate of Service). Since this time was spent in connection with the underlying discovery, rather than work "caused by" Mr. Anderson's failure to answer or "incurred by KCI to compel discovery" once the initial request was made and ignored, it is not properly assessed against Mr. Anderson. Accordingly, the Court awards KCI fees based on 31.0 hours, valued at $295 an hour, for a total of $9,145.

With respect to sanctions, KCI requests an award of $17,250 based on 69 days of sanctions, accruing at $250 per day, based on Mr. Anderson's continued failure to cure his contempt of Court. Doc. 193, pp. 1–2. On March 11, 2019, the Court ordered "[m]onetary sanctions in the amount of $250 a day . . . for each day of noncompliance" starting March 12, 2019. Doc. 158, p. 3. In so ordering, the Court clarified that no further fines would accrue once Mr. Anderson purges himself of contempt by complying with the Court's Order directing him to respond to KCI's post-judgment interrogatories and requests for production. *Id.* at p. 4. However, Mr. Anderson remains in contempt of Court. Accordingly, the Court orders defendant Alonso Anderson to pay $17,250 as

sanctions accrued as of the filing of KCI's motion.

In sum, Mr. Anderson is ordered to make payment, in certified funds, to KCI, within seven (7) days, in the amount of $26,395.

### III.     Conclusion

For the reasons set forth above, Mr. Anderson's motion for relief, Doc. 179, is denied. KCI's motion for leave to file excess pages, Doc. 197, is granted, but KCI's motion for sanctions pursuant to Rule 11, Doc. 198, is denied.  Finally, KCI's motion to enforce, Doc. 193, is granted in part.  Defendant Alonzo D. Anderson is ordered to make payment in certified funds to KCI, within seven (7) days of this Order, in the amount of $26,395.


                                                          s/ Nanette K. Laughrey
                                                          NANETTE K. LAUGHREY
                                                          United States District Judge

Dated:  July 8, 2019
Jefferson City, Missouri