UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KCI AUTO AUCTION, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-06086-NKL |
| | ) | |
| ALONZO D. ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff KCI Auto Auction, Inc.'s motion to enforce. Doc. 199. For the following reasons, the motion is granted in part.

**I.  Background**

In January 2018, the Court entered a consent judgment pursuant to a settlement agreement in the amount of $300,000 against defendants Angelo Jefferson, Barry Ristick, David Ephrem, Danny Ephrem, Tom Ephrem and Quality Used Cars, LLC, jointly and severally.[1] Doc. 94-2 (Settlement Agreement); Doc. 97 (Consent Judgment). Pursuant to the settlement agreement, these defendants agreed to make monthly payments to KCI, and in exchange, KCI agreed to forbear enforcing and executing the Consent Judgment. Doc. 94-2. After defendants stopped making payments in December 2018, KCI sent notices of default, notified the defendants of KCI's intent to execute on the Consent Judgment, and served the defendants with post-judgment discovery requests. Doc. 171-2 (January 16, 2019 Letters); Doc. 171-3 (February 22, 2019 Letters); Doc.

---

[1] KCI also voluntarily dismissed two defendants, Default Judgment was entered against another two, and Summary Judgment was entered against the last defendant. Doc. 100; Doc. 102; Doc. 103; Doc. 115.

1

171-4 (February 23, 2019 Letters); Doc. 147 (Certificate of Service).

After defendants failed to respond to KCI's discovery requests, KCI subpoenaed non-party Experian Information Solutions, Inc., seeking information about the individual defendants and another defendant that would aid in execution, *see, e.g.,* Doc. 160 (Notice of intent to Serve Subpoena on Experian re: Angelo Jefferson), and the Court granted KCI's subsequent motion to compel production by Experian, Doc. 187. In granting the motion to compel, the Court permitted KCI to submit to documentation of the costs and expenses incurred in connection with the motion. *Id.* at p. 3. Those costs and expenses were to be assessed against the defendants. *Id*. KCI also filed a separate motion to compel Defendants Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, Angelo Jefferson and Quality Used Cars, LLC to respond to KCI's discovery requests. Doc. 188. In granting this second motion, the Court similarly found "it appropriate to order defendants to pay the reasonable expenses, including attorney fees, incurred by KCI to compel discovery" and permitted KCI to submit documentation to that end. Doc. 194, pp. 3–4.

**II.    Discussion**

KCI seeks attorney's fees and costs pursuant to these orders. KCI has submitted records detailing 46.25 hours of work, valued at $295 per hour, performed in connection with KCI's post-judgment discovery efforts against these defendants or in connection with the two motions. Doc. 199-1. The total fees requested is $13,643.75. KCI also submitted records of postage expenses that total $206.80. KCI's documentation is unopposed and the Court concludes that the hourly rate and number of hours requested are reasonable. Further, the Court concludes that most of the fees and expenses requested are properly assessed against Defendants Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, Angelo Jefferson and Quality Used Cars, LLC.

However, the 13 hours spent working on the initial discovery requests on February 27th

and 28th, and the postage fees associated with sending the initial discovery requests, are not properly assessed against the defendants. This work was not caused by defendants' failure to respond because it would have been necessary even if the defendants had timely responded to KCI's discovery requests. Additionally, the time KCI devoted to drafting and compelling Experian to comply is attributable both to these individual defendants as well as Alonzo Anderson, who is not a subject of this motion.[2] Accordingly, the Court adjusts the time spent on March 11, March 24 and May 3 downward by approximately one sixth, or 3.25 hours, for a total of 16.50 hours valued at $4,867.50. Similarly, the costs incurred on March 12 and May 3 are adjusted downward by approximately one sixth to $101.96. The remaining work and expenses are properly assessed against the individual defendants and Quality Used Cars, LLC. With these adjustments, the Court finds that $8,850.00 in attorney's fees and $129.26 in expenses, or $8,979.26, is properly assessed against the defendants.

KCI requests that the Court order payment by the defendants jointly and severally. "Joint and several liability for costs is the general rule unless equity otherwise dictates." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (holding that district court abused its discretion by apportioning fees and costs). The defendants are jointly and severally liable on the underlying consent judgment which KCI seeks to enforce, *see* Doc. 97, ¶ 1, and no party has opposed this request or presented equitable reasons why it should not be granted. Therefore, the Court finds the defendants jointly and severally liable for the awarded attorney's fees and expenses.

---

[2] The Court recognizes that at least some of the time and expenses on March 11, 2019 was likely incurred in connection with subpoenas directed at the IRS, not Experian. As this work was similarly necessitated by defendants' failure to respond to discovery in the first instance, the Court concludes the award, as modified by the Court, is proper.

Finally, KCI also requests that the Court "warn the defendants that their failure to comply with the Court's order will result in their being held in contempt of court." Doc. 199, p. 3. Because the Court declines to speculate as to future proceedings, this request is denied.

**III.    Conclusion**

For the reasons set forth above, KCI's motion to enforce, Doc. 199, is granted in part. Defendants Tom Ephrem, David Ephrem, Danny Ephrem, Barry Ristick, Angelo Jefferson and Quality Used Cars, LLC, jointly and severally, are ordered to make payment in certified funds to KCI, within seven (7) days of this Order, in the amount of $8,979.26.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  July 25, 2019
Jefferson City, Missouri